1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9    VIRGIL ROBERT ELBERT,

10              Plaintiff,                    No. CIV S-11-1154 GEB EFB P

11        vs.

12   GARY SWARTHOUT, et al.,

13              Defendants.                   ORDER

14   _____/

15        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

16   U.S.C. § 1983.  He has requested that the court appoint counsel and grant him leave to proceed

17   in forma pauperis and an extension of time to serve defendants.  Dckt. Nos. 2, 6, 7.  For the

18   reasons that follow, the court will grant plaintiff leave to proceed in forma pauperis, deny the

19   requests for counsel and an extension of time, and dismiss the complaint with leave to file an

20   amended complaint within 30 days.

21   **I.        Motion to Proceed In Forma Pauperis**

22        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

23   Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

24   (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

25   collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

26   § 1915(b)(1) and (2).

                                              1

1  **II.      Motion for Appointment of Counsel**

2         District courts lack authority to require counsel to represent indigent prisoners in § 1983

3  cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional

4  circumstances, the court may request counsel voluntarily to represent such a plaintiff.  28 U.S.C.

5  § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900

6  F.2d 1332, 1335-36 (9th Cir. 1990).  The court finds that there are no exceptional circumstances

7  in this case.

8  **III.     Screening Order**

9         Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

10  which a prisoner seeks redress from a governmental entity or officer or employee of a

11  governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

12  claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

13  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

14  from a defendant who is immune from such relief."  *Id.* § 1915A(b).

15         A district court must construe a pro se pleading "liberally" to determine if it states a

16  claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

17  opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

18  detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

19  action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct.

20  1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

21  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

22  plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

23         A claim has facial plausibility when the plaintiff pleads factual content that allows
       the court to draw the reasonable inference that the defendant is liable for the

24         misconduct alleged. The plausibility standard is not akin to a "probability
       requirement," but it asks for more than a sheer possibility that a defendant has

25         acted unlawfully. Where a complaint pleads facts that are merely consistent with a
       defendant's liability, it stops short of the line between possibility and plausibility

26         of entitlement to relief.

1   *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

2   framework of a complaint, they must be supported by factual allegations, and are not entitled to

3   the assumption of truth.  *Id.* at 1950.

4          The Civil Rights Act under which this action was filed provides:

5         Every person who, under color of [state law] . . . subjects, or causes to be
      subjected, any citizen of the United States . . . to the deprivation of any rights,

6         privileges, or immunities secured by the Constitution . . . shall be liable to the
      party injured in an action at law, suit in equity, or other proper proceeding for

7         redress . . . .

8   42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

9   establish the defendant's personal involvement in the constitutional deprivation or a causal

10  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

11  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

12  (9th Cir. 1978)

13         The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

14  does not state a cognizable claim as currently pleaded.  Plaintiff names Gary Swarthout, James

15  Lee, R. Durfey, C. Palwick, C. Martinez, and S. Feudner as defendants and alleges:

16        All of the above officers signed and approved for me to be taped and shackled for
      as long as necessary to meet there [sic] agenda.  On 1-27-10 I was placed in 2 pair

17        of boxers taped to the hair and skin on my legs.  Two shirts taped to the boxers
      and around my arms.  Two full body jumpsuits taped around calf's [sic] and

18        stomach ribs making it difficult to breath and around rib cage.  Also taped around
      arms (one jumpsuit is put on correctly, the second is placed backwards).  I was

19        then shackled at the ankles and waist for 14 days.  No shower.  No soap.  No
      brushing teeth and you can only use the rest room once a day.  I was forced to eat

20        and sleep this way.  Shackles are not even removed to use rest room.  I have
      medical conditions that increased the pain and made it difficult to use the rest

21        room but officers did not care.

22  Dckt. No. 1 at 3.  Plaintiff's allegations fail to show how each defendant was personally involved

23  in the constitutional deprivations alleged.  Thus, to proceed plaintiff must file an amended

24  complaint.

25  ////

26  ////

3

1    Any amended complaint must adhere to the following requirements:

2    It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

3    Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

4    complaint, the original pleading is superseded.

5    It must show that the federal court has jurisdiction and that plaintiff's action is brought in

6    the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

7    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

8    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

9    *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

10   he does an act, participates in another's act or omits to perform an act he is legally required to do

11   that causes the alleged deprivation).

12   It must contain a caption including the name of the court and the names of all parties.

13   Fed. R. Civ. P. 10(a).

14   Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

15   P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.

16   "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may

17   join, [] as independent or as alternate claims, as many claims . . . as the party has against an

18   opposing party.'  Thus multiple claims against a single party are fine, but Claim A against

19   Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims

20   against different defendants belong in different suits, not only to prevent the sort of morass [a

21   multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

22   required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits

23   or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §

24   1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)

25   (joinder of defendants not permitted unless both commonality and same transaction requirements

26   are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims

4

1  in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

2  The allegations must be short and plain, simple and direct and describe the relief plaintiff

3  seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

4  *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading,

5  including many defendants with unexplained, tenuous or implausible connection to the alleged

6  constitutional injury or joining a series of unrelated claims against many defendants very likely

7  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

8  plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

9  these instructions.

10  Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended

11  complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

12  allegations and that for violation of this rule the court may impose sanctions sufficient to deter

13  repetition by plaintiff or others. Fed. R. Civ. P. 11.

14  A prisoner may bring no § 1983 action until he has exhausted such administrative

15  remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

16  *v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his

17  claims are warranted by existing law, including the law that he exhaust administrative remedies,

18  and that for violation of this rule plaintiff risks dismissal of his entire action.

19  **IV.   Motion for Extension of Time**

20  Plaintiff states that he has been unable to serve all parties due to limited law library

21  access and resources. Dckt. No. 6. No such extension is necessary. If plaintiff submits an

22  amended complaint stating a cognizable claim against defendants, the court will provide plaintiff

23  with directions and forms to effect service of process and, upon plaintiff's return of those forms

24  and compliance with the court's directions, will direct the U.S. Marshal to serve process

25  pursuant to Federal Rule of Civil Procedure 4(c)(3).

26  ////

**V.      Order**

Accordingly, the court hereby orders that:

1.  Plaintiff's April 29, 2011 request to proceed in forma pauperis is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's June 1, 2011 motion for appointment of counsel is denied.

4.  Plaintiff's June 1, 2011 motion for an extension of time is denied.

5.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in a recommendation that this action be dismissed.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED:  June 6, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE