IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIRGIL ELBERT,

        Plaintiff,                     No. 2:11-cv-01154 GEB EFB P

        vs.

GARY SWARTHOUT, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

                                 /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss. For the reasons explained below, the undersigned recommends that the motion granted with leave to amend.

**I.    Background**

        This action proceeds on the amended complaint filed July 6, 2011. Dckt. No. 14. Plaintiff alleges that defendants violated his rights under the Eighth Amendment to the U.S. Constitution by either requesting or approving his placement on "Contraband Surveillance Watch" ("CSW") at California State Prison, Solano ("CSP-Solano") for nine days in early 2010. *Id.* Specifically, plaintiff alleges:

> On January 27 2010 I was housed in building 5 Cell 118 on Solano's 1 yard. At approximately 12:30 hours Officer's C. Palwick and S. Feudner stormed my cell. After my cellmate flushed a half ounce of heroin he was released and I was taken to what is

1

|   |   |
|---|---|
| 1 | known as potty watch or Contraband Surveillance Watch. |
| 2 | A false report was written up about what happened on 1/27/2010 and I was placed on Contraband Surveillance Watch (hereinafter CSW) by Officer's C. Palwick and S. Feudner. |
| 3 |   |
| 4 | Because of the unconstitutional conditions of "CSW" before I could be placed on "CSW" it required approval from Gary Swarthout (warden), R. Durfey (Sgt), C. Martinez (Sgt) and James Lee (CT). . . . |

<br>

    known as potty watch or Contraband Surveillance Watch.
    A false report was written up about what happened on 1/27/2010 and I was placed on
    Contraband Surveillance Watch (hereinafter CSW) by Officer's C. Palwick and S.
    Feudner.

    Because of the unconstitutional conditions of "CSW" before I could be placed on "CSW"
    it required approval from Gary Swarthout (warden), R. Durfey (Sgt), C. Martinez (Sgt)
    and James Lee (CT). . . .

    After being transfered [sic] to the hole for (CSW) I was then strip searched for the 3rd
    time that day.  After I was searched I was dressed in 2 pairs of boxers one pair backwards
    and then taped to the hair & skin on my legs causing much pain & discomfort.  I then was
    placed in 2 T-shirts that were tucked in to the boxer shorts and taped together.  I was then
    taped around the sleeves of the 2 T-shirts and placed in 2 full body jump suits one
    backwards.  The jump suits were taped to my 2-pair of sox taped to the skin on my arms
    and then taped so tightly around the waist that it increased pain in my already broken rib
    and forced me to have difficulty breathing.

    Next I was placed in another jumpsuit to hide all the tape[.]  Shackled at the waist with a
    large master lock located behind the small of my back and shackled tightly at the ankles.
    I was placed in a cell with only a mattress heater turned all the way up and forced to lay
    flat on my back.

    The ankle shackles caused blisters on my Akeles [sic] tendon and the master lock &
    chains I was forced to sleep on caused intense pain in my herniated disk in my lower
    back.

    I have a condition known as (IBS) that causes me to have irregular bowel movements &
    diearihha [sic] [.]  While on CSW I was forced to use the rest room in front of up to 5
    officers while being mocked and humiliated and often in front of female officers.

    I was told that the only way to get off (CSW) is to give 3 clean bowel movements at least
    the size of a fist and that the first 24 hours don't count and that I can only use the rest
    room once a day[.]

    My IBS prevents me from taking large bowel movements and forces me to have diahrriah
    [sic] yet none of my medical conditions or injurys [sic] were ever takin [sic] into
    consideration.

    I was left on CSW for 9 days and during this time I was not allowed to shower.  I was not
    allowed to brush my teeth.  I was not allowed to wash my hands.  I remained shackled at
    all times and was forced to eat, sleep and use the rest room fully shackled[.]

    I requested help due to my medical conditions and injurys [sic] and was denied.

*Id.* at 4-6.  Plaintiff further alleges that defendant Peel approved his placement on CSW and that

defendant S. Arthur approved and allowed his placement on CSW.  *Id.* at 6-7.  The complaint

indicates that all defendants are sued in their individual and official capacities.  *Id.* at 2-3.

## II.     Rule 12(b)(6) Standard

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *id.* at 554-56, 562-63 (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other

3

papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**III.    Analysis**

Confinement in prison constitutes "punishment" and is thus subject to scrutiny under the Eighth Amendment, which "prohibits punishments which . . . involve the unnecessary and wanton infliction of pain . . . or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981) (internal citations and quotation marks omitted). Thus, it is cruel and unusual punishment to deny medical care or "basic human needs" and may be cruel and unusual to deny "the minimal civilized measure of life's necessities." *Id.* at 347. Prison officials "must provide humane conditions of confinement," including "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To succeed on an 8th Amendment conditions-of-confinement claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities (the objective component) and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety (the subjective component). *Id.* at 834. To show deliberate indifference, the prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate health or safety; "the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  A prison official may thus be free from liability if he or she did not know of the risk or took reasonable action in response to the risk.  *Id.* at 844.

Defendants first argue that "Plaintiff's contention that his placement in CSW violated the Eighth Amendment has no legal basis" because CSW is a routine procedure at all California prisons that no court has ever held unconstitutional.  Dckt. No. 22, Defs.' P. & A at 5.  These facts provide no barrier to this court's consideration of whether plaintiff has stated a claim that his placement on CSW under the conditions described in the amended complaint state a claim for violation of the Eighth Amendment.  Prison officials may violate the Constitution even when acting pursuant to established policy, and the simple fact that no other court has yet found CSW unconstitutional does not mean that every application of that policy to individual inmates in any given set of circumstances will be permissible nor prevent this court from considering whether the policy itself passes constitutional muster.

Defendants next argue that plaintiff has not asserted any facts showing the objective element of his Eighth Amendment claim – that defendants deprived him of food, shelter, clothing, or medical care.  It is true that plaintiff has phrased many of his factual allegations in the passive voice, failing to identify the individual he alleges caused the specific deprivation. *E.g.*, Dckt. No. 14 at 4 ("A false report was written up," "I was dressed in 2 pairs of boxers"), 5 ("I was then taped around the sleeves," "I was placed in a cell with only a mattress heater turned all the way up").  However, plaintiff has alleged that the named defendants were responsible for placing him on CSW, either by requesting or approving the placement, where he was forced to endure painful and potential unsanitary conditions.  Giving the complaint the liberal construction it is due, the undersigned concludes that plaintiff has alleged that he suffered a deprivation sufficiently serious to support an Eighth Amendment claim.[1]

---

[1] Defendants argue that plaintiff has failed to allege that defendant Swarthout personally participated in, directed, or knew of any constitutional violations and failed to act.  The

5

Plaintiff's allegations do not fare so well with regard to the subjective component of his Eighth Amendment claim. Plaintiff alleges that defendants "knew or should have known that [their] actions created an unreasonable risk of serious harm to the plaintiff." *Id.* at 7. However, that statement is simply a formulaic recitation of an element of plaintiff's Eighth Amendment claim, and plaintiff has not included facts indicating how each defendant knew that, by placing plaintiff on CSW, plaintiff would be subjected to painful, potentially unsanitary conditions and denied medical care.[2] Accordingly, plaintiff's complaint should be dismissed with leave to amend so that he may file an amended complaint to cure these deficiencies if he so chooses.[3]

Defendants next argue that they are entitled to qualified immunity because plaintiff's allegations do not contain sufficient facts to state a claim against him, thus failing to show that there has been a constitutional violation. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (government officials are immune from civil damages if their conduct did not violate the constitution or if the right at issue was not clearly established at the time of the alleged wrongdoing). As the undersigned recommends that plaintiff be afforded an opportunity to cure the deficiencies in his allegations, it would be improvident to determine that defendants are entitled to qualified immunity based on the current allegations.

////

---

complaint, however, does contain an allegation that defendant Swarthout personally approved plaintiff's placement on CSW. Dckt. No. 14 at 4.

[2] In his opposition, plaintiff alleges that "[t]he procedures in place at California State Prison Solano concerning Contraband Surveillance Watch are drakonian [sic] and constitute physical and mental torture." Dckt. No. 23, Pl.'s Opp'n to Mot. to Dism. at 2. Plaintiff's amended complaint does not contain a claim that the CSW policy itself is unconstitutional. Should plaintiff wish to assert such a claim in addition to his claim that the conditions he personally suffered under the defendants' application of the policy to him violated the Constitution, he may do so in his amended complaint.

[3] Plaintiff has included more facts in his opposition to defendants' motion to dismiss regarding the CSW policy and the specific conditions of his placement on CSW. The undersigned has not considered these facts, which are not part of the complaint, in making these recommendations. Plaintiff may include these (and other) facts in his amended complaint, should the district court adopt these recommendations and plaintiff choose to file one.

1    Defendants also contend that plaintiff did not have a clearly established right to be free
2 from CSW at the time in question, because no court has found CSW, in general, to violate the
3 Constitution.  However, plaintiff's right to be free from inhumane conditions of confinement has
4 been well established for decades.  The alleged conditions do not describe a nuance over which
5 one must guess or speculate as to its constitutionality.  Accordingly, the court should reject
6 defendants' argument that the right they have allegedly violated was not clearly established in
7 early 2010.

8    Defendants lastly argue that the court must dismiss plaintiff's claims against defendants
9 for money damages in their official capacities, because those claims are effectively claims
10 against the state and thus barred by the Eleventh Amendment.  *Regents of the Univ. Of Cal. v.*
11 *Doe*, 519 U.S. 425 (1997).  Plaintiff responds that defendants have misunderstood the complaint
12 and that he "never at any time stated that he was sueing [sic] the defendants in there [sic] official
13 capacities for monetary relief."  Dckt. No. 23 at 15.  As noted earlier, plaintiff's complaint states
14 that each defendant is sued both in his individual and official capacities.  Plaintiff now appears to
15 confirm that he only seeks monetary damages for the individual capacity claims.  Because the
16 undersigned recommends the dismissal of the entire complaint with leave to amend, the court
17 need not further address this issue at this time.

18 **IV.    Recommendation**

19    For all of the above reasons, the court RECOMMENDS that defendants' December 22,
20 2011 motion to dismiss (Docket No. 22) be granted with leave to file an amended complaint
21 within 30 days of the date of any order adopting these findings and recommendations.

22    These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
24 after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

7

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE