IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIRGIL ROBERT ELBERT,

    Plaintiff,                      No. 2:11-cv-1154 GEB EFB P

    vs.

GARY SWARTHOUT, et al.,

                                  ORDER AND
    Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On September 24, 2012, the court granted defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim, and granted plaintiff leave to amend. Before the court is plaintiff's second amended complaint and request for appointment of counsel.

**I.    Screening Requirement and Standards**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

**II.  Screening Order**

In the amended complaint, plaintiff names Swarthout, Lee, and Arthur as defendants in their individual capacities. Liberally construed and for the purposes of § 1915A screening, the complaint state cognizable Eighth Amendment claims for damages against defendants Lee and Arthur.

Plaintiff's allegations fail to state a cognizable claim against defendant Swarthout. A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In

recommending dismissal of plaintiff's first amended complaint, the court informed plaintiff that his allegations did "not fare so well with regard to the subjective component" of an Eighth Amendment claim. Dckt. No. 26 at 6. Specifically, the court informed plaintiff that "a formulaic recitation of an element of [an] Eighth Amendment claim" was not sufficient because he needed to "include[ ] facts indicating how each defendant knew that, by placing plaintiff on [contraband surveillance watch], plaintiff would be subjected to painful, potentially unsanitary conditions and denied medical care." *Id.* Plaintiff's amended complaint does not cure this deficiency in his claim against defendant Swarthout.

Plaintiff merely alleges that his placement on contraband surveillance watch required defendant Swarthout's approval, but provides no factual support demonstrating that Swarthout possessed a sufficiently culpable state of mind in doing so. Dckt. No. 28 at 3. Moreover, plaintiff improperly attempts to impose liability on defendant Swarthout solely based on Swarthout's supervisory role. *See* Dckt. No. 28 at 2, 7-8 (alleging Swarthout "was responsible for supervising, disciplining, and providing necessary training for all correctional officers" and that he violated plaintiff's constitutional rights because he failed "to adequately supervise the correctional officers subordinate to him.").

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

2009). Here, plaintiff has not sufficiently alleged that defendant Swarthout was personally involved in the alleged violation of plaintiff's Eighth Amendment rights.

Despite notice of the deficiencies and an opportunity to amend, plaintiff appears unable to state a cognizable claim for relief against defendant Swarthout, and further leave to amend is futile. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

### III.     Request for Counsel

Plaintiff also requests appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

### IV.     Order and Recommendations

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the pleading are sufficient at least to state a cognizable Eighth Amendment claim against defendants Lee and Arthur.

2. Defendants shall respond to the amended complaint in accordance with Fed. R. Civ. P. 12.

3. Plaintiff's request for appointment of counsel is denied.

////

Further, IT IS HEREBY RECOMMENDED that defendant Swarthout be dismissed from this action for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5