IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIRGIL ROBERT ELBERT,

    Plaintiff,                          No. 2:11-cv-1154 GEB EFB P

vs.

GARY SWARTHOUT, et al.,

    Defendants.                      FINDINGS AND RECOMMENDATIONS

                              /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.

       On January 16, 2013, the postal service returned documents directed to plaintiff as "undeliverable, RTS - Paroled 12/13/2012." A party appearing without counsel must keep the court and all parties apprised of his current address. L.R. 183(b). If mail directed to a plaintiff is returned by the postal service and plaintiff fails to notify the court and opposing parties within 63 days thereafter of her current address, the court may dismiss the action without prejudice for failure to prosecute. *Id.* More than 63 days have passed since the postal service returned the mail and plaintiff has not notified the court of his current address.

       Further, plaintiff has failed to respond to defendant's February 19, 2013 motion to compel. In cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. Local Rule 230(l). "Opposition, if

1

any, to the granting of the motion shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion." *Id*. A responding party's failure "to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*.

Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Accordingly, it is hereby RECOMMENDED that this action be dismissed. *See* Fed. R. Civ. P. 41(b); L.R. 110, 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 25, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE